UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO A. RONQUILLO,<br><br>            Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 14-6702 JC<br><br>MEMORANDUM OPINION |

## I.    SUMMARY

On August 26, 2014, Romeo A. Ronquillo ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 16, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 13, 2011, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 13, 163). Plaintiff asserted that he became disabled on May 23, 2011, due to a dislocated back. (AR 180). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 26, 2012, and December 11, 2012 (AR 29-85).

On January 23, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: degenerative disc disease of the lumbar spine (AR 16); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 17); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. § 404.1567(c)), except plaintiff could engage in postural activities only occasionally, could frequently use his hands, and could not climb ladders, ropes, or scaffolds (AR 18); (4) plaintiff could not perform any past relevant work (AR 21); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically Laundry Worker I, and Machine Feeder (AR 22-23); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of his subjective symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 20).

The Appeals Council denied plaintiff's application for review. (AR 1).
///

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

|   |   |
|---|---|
| 1 | experience, allow the claimant to adjust to other work that |
| 2 | exists in significant numbers in the national economy?  If so, |
| 3 | the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

(quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity. Id. (citation, quotation marks and internal quotations marks omitted).

A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 462013, *3 (9th Cir. Aug. 4, 2015) (No. 13-15213)[1] (citing Stout, 454 F.3d at 1054); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted).

IV. DISCUSSION

    A. The ALJ Properly Evaluated the Medical Opinion Evidence

        1. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical

---

[1] The Court takes judicial notice of the Ninth Circuit's docket in Brown-Hunter which reflects that a petition for rehearing is pending in such case. Fed. R. Evid. 201.

and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Orn, 495 F.3d at 631 (citations and quotation marks omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of a treating or examining physician by providing "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating/examining opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same) (citations omitted); see also Magallanes v. Bowen, 881 F.2d 747, 751, 755 (9th Cir. 1989) (ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). An ALJ "must do more than offer [] conclusions." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinion insufficient) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

6

### 2. Analysis

Plaintiff contends that a remand or reversal is warranted essentially because (1) the ALJ failed properly to consider the opinions of plaintiff's treating physician, Dr. Brian Ahangar – *i.e.*, that plaintiff was essentially unable to do more than sedentary work (AR 350-53); and (2) the ALJ's residual functional capacity assessment relied on medical opinions that were unsupported by the record, specifically the August 23, 2011 opinions of Dr. Leah Holly, a state agency reviewing physician (AR 336-42), and the July 26, 2012 opinions of Dr. Zaven Bilezikjian, a examining physician (AR 529-37). (Plaintiff's Motion at 3-6). The Court disagrees.

First, Dr. Ahangar provided his opinions in a check-the-box format. (AR 19) (citing Exhibit 8F [AR 350-53]). As the ALJ noted, Dr. Ahangar did not include an explanation for his check-box opinions, nor did he identify *specific* objective evidence or clinical findings (*i.e.*, results of objective testing or a physical examination) which reasonably supported his conclusions that plaintiff had the noted significant physical limitations. (AR 19). The ALJ properly rejected Dr. Ahangar's opinions on this basis alone. See, e.g., Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [medical evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions."); De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009) (ALJ "is free to reject 'check-off reports that d[o] not contain any explanation of the bases of their conclusions.'") (citing id.); see also Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

Second, the ALJ also properly rejected Dr. Ahangar's opinions because, as the ALJ noted, they were not supported by treatment notes from the physician. See Bayliss, 427 F.3d at 1217 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and

inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett, 340 F.3d at 875 (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). Dr. Ahangar's records document few, if any, specific physical limitations for plaintiff much less any objective findings on physical examination that would plausibly support the significant physical limitations Dr. Ahangar found for plaintiff. Ultimately, the medical record contains only a single progress note from Dr. Ahangar which reflects, in pertinent part, that on September 26, 2011, Dr. Ahangar saw plaintiff for a "chronic low back pain" follow-up examination, plaintiff reported doing "about the same" overall, plaintiff was treated with a "Cortisone injection" which reduced his pain, and plaintiff was instructed to follow up with the doctor as needed ("PRN"). (AR 398-402). To the extent plaintiff suggests that there was, in fact, sufficient evidence in the record to support Dr. Ahangar's opinions, this Court will not second-guess the ALJ's reasonable determination to the contrary, even if the evidence could support inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted).

Finally, the ALJ properly rejected Dr. Ahangar's opinions in favor of the conflicting opinions of the state agency examining physician, Dr. Bilezikjian, who essentially assessed an overall residual functional capacity for plaintiff that was *less* restrictive than the ALJ's.[2] (AR 533-37). The opinions of Dr. Bilezikjian

---

[2]In his Orthopedic Consultation Report, Dr. Bilezikjian opined, in part, that plaintiff could occasionally tolerate exposure to "unprotected heights," and frequently tolerate exposure to moving mechanical parts and operating a motor vehicle. (AR 536). Although plaintiff has not raised the issue, the Court notes that the ALJ did not include such limitations in his residual functional capacity assessment for plaintiff or in the hypothetical question he posed to the vocational expert at the hearing (AR 18, 67). Nonetheless, any error in this respect was inconsequential to the ALJ's ultimate nondisability determination since neither of the representative jobs identified by the vocational expert in response to the ALJ's hypothetical

(continued...)

8

were supported by the physician's independent examination of plaintiff (AR 530-32), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Ahangar's opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted).

Although plaintiff argues that Dr. Bilezikjian's opinions are "internally inconsistent" and are also inconsistent with other medical records (Plaintiff's Motion at 5), in light of Dr. Bilezikjian's recognized expertise, it was wholly appropriate for the ALJ to rely on the examining doctor's opinions regarding plaintiff's functional abilities, as opposed to adopting plaintiff's currently asserted lay reassessment of the same evidence. See generally Gonzalez Perez v. Secretary of Health & Human Services, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician"); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for that of a physician); Winters v. Barnhart, 2003 WL 22384784, *6 (N.D. Cal. Oct.15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert."); cf. Orn, 495 F.3d at 632 ("When [a non-treating] physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the [non-treating] physician are not substantial evidence.") (internal quotation marks omitted).

To the extent Dr. Holly's opinions were, as plaintiff suggests, insufficient for rejecting Dr. Ahangar's opinions, any error by the ALJ in relying on such

---

²(...continued)
question involves work that is inconsistent with the omitted limitations. (See Dictionary of Occupational Titles ("DOT") § 361.684-014 [description for "Laundry Worker I" noting "Moving Mech. Parts," "High Exposed Places," and "Other Env. Cond." exposure "Not Present"]; DOT § 699.686-010 [same for "Machine Feeder"]).

opinion evidence would have been harmless.  As noted above, Dr. Bilezikjian's more recent opinions alone provided substantial evidence supporting the ALJs rejection of Dr. Ahangar's opinions, and supported the ALJ's overall residual functional capacity assessment for plaintiff.  See Tonapetyan, 242 F.3d at 1149; cf. Coleman v. Astrue, 2010 WL 1172994, *13 (E.D. Cal. Mar. 23, 2010) ("A more recent [medical] opinion may in some circumstances be entitled to greater weight.") (citation omitted).

Accordingly, a remand or reversal on this basis is not warranted.

### B. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

When a claimant provides objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, and there has not been an affirmative finding that the claimant is malingering, the ALJ may discount the credibility of the claimant's statements regarding subjective symptoms only by offering specific, clear and convincing reasons for doing so supported by substantial evidence.  Brown-Hunter, 2015 WL 4620123, at *5 (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)) (internal quotation marks omitted).  This requirement is very difficult to meet.  See Garrison, 759 F.3d at 1015 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and internal quotation marks omitted).  An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination.  See, e.g., Brown-Hunter, 2015 WL 4620123, at *1, *6 (finding legal error where ALJ failed to identify testimony she found not credible and failed "[to] link that testimony to the particular parts of the record supporting her non-credibility determination") (citing Burrell v. Colvin, 775 F.3d 1133, 1139 (9th Cir. 2014)).  An ALJ's finding that a claimant's testimony is not credible must be

sufficiently specific enough to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's subjective complaints. Id. at *5 (citing Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc)) (quotation marks omitted). General findings are insufficient. Id. (citing Reddick, 157 F.3d at 722) (quotation marks omitted).

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling 96-7p.

If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (Evaluation of a claimant's credibility and resolution of conflicts in the testimony are solely functions of the Commissioner.) (citation omitted).

2. **Analysis**

Plaintiff contends that a remand or reversal is warranted because the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 6-10). The Court disagrees.

First, the ALJ properly discounted the credibility of plaintiff's allegations regarding dizziness, in part, based on the ALJ's observations that plaintiff "did not show any difficulty in focusing or concentrating in providing answers to questions or in volunteering information at the hearing." (AR 20). The ALJ was permitted to rely on his own observations of plaintiff at the hearing as one of the several

factors affecting plaintiff's credibility. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at the hearing was one of several legitimate reasons stated); see also Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on observations of claimant proper where ALJ pointed to plaintiff's affirmative exhibition of symptoms which were inconsistent with both medical evidence and plaintiff's other behavior and did not point to the absence of the manifestation of external symptoms to discredit plaintiff, referring to the latter as disapproved "sit and squirm" jurisprudence).

Second, the ALJ properly discounted plaintiff's credibility to the extent the limited level of plaintiff's treatment was inconsistent with the alleged severity of plaintiff's back impairment. See Molina, 674 F.3d at 1113 (when assessing credibility ALJ may properly rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.") (citations and internal quotation marks omitted). Here, as the ALJ noted, despite plaintiff's alleged disabling back pain, plaintiff acknowledged that he was only being treated with medication and some epidural injections (which brought "relief"), that he had not undergone surgery for his back and, in fact, no doctor had recommended surgery, and that he does not use a cane for ambulation. (AR 20, 49-51, 57, 295, 401-02, 471). In addition, although plaintiff points to a single note which reflects that he had "PT" at some unspecified time, there is no specific evidence that plaintiff received any significant amount of physical therapy. (Plaintiff's Motion at 8; AR 20; 49-51, 57, 401). In light of the foregoing, it was reasonable for the ALJ to conclude that plaintiff's limited treatment history suggests plaintiff "is not as limited as he alleges." (AR 20); cf. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment") (citation omitted), cert. denied, 552 U.S. 1141 (2008). While plaintiff suggests

that his treatment history is more significant (Plaintiff's Motion at 8), this Court will not second-guess the ALJ's reasonable interpretation to the contrary, even if such evidence could support inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted).

Third, the ALJ properly discounted plaintiff's credibility because the alleged severity of his impairment was not consistent with plaintiff's admitted level of activity. See Thomas, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); Reddick, 157 F.3d at 722 (ALJ may discount credibility of subjective statements based on a claimant's daily activities where "the level of activity [is] inconsistent with Claimant's claimed limitations"); see also Burch, 400 F.3d at 681 ("ALJ [] permitted to consider daily living activities in [] credibility analysis"). For example, as the ALJ noted, plaintiff engaged in daily activities that were inconsistent with the alleged severity of plaintiff's back impairment. (AR 21) (citing AR 56 [plaintiff's testimony that he walks around the block and watches television at home]; AR 187-90 [July 6, 2011 Function Report reflecting that plaintiff prepares his own meals, washes dishes, irons his own clothing, drives a car, shops in stores, attends church (and is "somewhat active"), and has no problem with his personal care]; AR 548 [July 11, 2012 treatment note stating "[plaintiff] exercises 20 minutes 5 days per week at a moderate or strenuous level"]).

As plaintiff correctly suggests (Plaintiff's Motion at 9), he was not required to be "an amoebic blob who merely lies around all day doing nothing" in order to be considered disabled. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted). This does not mean, however, that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount the credibility

13

of conflicting subjective symptom testimony. See Molina, 674 F.3d at 1113 ("[An] ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . [e]ven where those activities suggest some difficulty functioning. . . .") (citations omitted). Here, even though plaintiff stated that he had difficulty functioning, the ALJ properly discounted the credibility of plaintiff's subjective complaints to the extent plaintiff's level of activity was inconsistent with a "totally debilitating impairment." Molina, 674 F.3d at 1113; see, e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). While plaintiff argues that his impairment "significantly interferes with [his] activities of daily living," and that he "is not functioning anywhere near a medium-level work capacity" (Plaintiff's Motion at 9), the Court will not second-guess the ALJ's reasonable determination to the contrary, which is supported by substantial evidence in the record.

Finally, to the extent plaintiff contends that the ALJ provided other reasons for discounting plaintiff's credibility that were not "clear and convincing" (*i.e.*, general failure to comply with prescribed treatment) (Plaintiff's Motion at 9-10), the Court finds any such errors to be harmless. As discussed above, the remaining reasons identified by the ALJ for discrediting plaintiff are supported by substantial evidence, and any such errors would not have negated the validity of the ALJ's ultimate credibility determination in this case. See Molina, 674 F.3d at 1115 (Where one or more reasons supporting an ALJ's credibility analysis are invalid, any error is harmless if (1) the ALJ provided other valid reasons supported by the record; (2) "there remains substantial evidence supporting the ALJ's decision";

///

and (3) the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion.") (citations and internal quotation marks omitted).

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 30, 2015

                                      _____/s/_____
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE